**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA BALTSAS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 19-cv-01462 |
| v. | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, TRANSUNION DATA | ) | Jury Demanded |
| SOLUTIONS LLC, MIDLAND FUNDING LLC, | ) | |
| and MIDLAND CREDIT MANAGEMENT,) | | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**COMPLAINT**

Plaintiff, Maria Baltsas, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), for a finding that Defendants' actions violated the FCRA and to recover damages for Defendants' violations of the FCRA, and alleges:

**JURISDICTION AND VENUE**

1.     Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**PARTIES**

3.     Plaintiff, Maria Baltsas ("Plaintiff" or "Ms. Baltsas"), is a resident of the State of Illinois, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c) of the FCRA.

4.     Defendant, Experian Information Solutions, Inc. ("Experian"), is a corporation formed under the laws of the State of Ohio that that regularly conducts business throughout every state and county in the United States and is registered to do business in Illinois. Experian's

registered agent is C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago IL 60604.

5.        Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Experian was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

6.        Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that business entity that regularly conducts business throughout every state and county in the United States, including in the state of Illinois. Its registered agent in Illinois is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7.        Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Equifax was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

8.        TransUnion Data Solutions, LLC, ("TransUnion"), is a Delaware limited liability company that regularly conducts business throughout every state and county in the United States. It does business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

9.        TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times TransUnion was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

10. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent is Midland Credit Management, Inc., 1821 Walden Office Sq., Suite 400, Schaumburg, IL 60173.

11. Midland holds a collection agency license from the state of Illinois.

12. Midland's principal purpose is the collection of debts, as it derives all of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers. *See* SEC filings, Encore Capital Group, Inc., Annual Report (Form 10-K) (Dec. 31, 2016), available at http://investors.encorecapital.com/phoenix.zhtml?c=115920&p=irol-reportsannual (viewed November 15, 2017).

13. Midland is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant, Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

15. MCM is a collection agency that attempts to collect debts held in the name of Midland Funding, LLC.

16. MCM holds a collection agency license from the State of Illinois.

17. MCM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

18.     According to Defendants, Plaintiff incurred an alleged debt for goods and services originally for a Synchrony Bank consumer credit card.

19.     Ultimately the alleged debt was obtained by Midland and MCM.

20.     On July 6, 2017, Midland filed a small claims lawsuit against Ms. Baltsas seeking to collect the alleged debt. The case was captioned *Midland Funding LLC vs. Maria Baltsas*, Case No. 2017 M1 115452, filed in the Circuit Court of Cook County, Illinois.

21.     Plaintiff disputed the indebtedness and litigated the small claims lawsuit.

22.     On October 17, 2017, the Circuit Court of Cook County held that Ms. Baltsas did not owe the alleged debt and entered a final judgment in her favor.

23.     Defendants continued to report the alleged debt on Plaintiff's credit report after the lawsuit concluded.

24.     On December 11, 2017, Plaintiff, through her counsel, sent a letter to Experian, Equifax, and TransUnion, stating that inaccurate information is being reported on her credit report regarding the Account and provided supporting documentation.

25.     Experian, Equifax, and TransUnion did not respond to the disputes.

26.     However, after obtaining copies of her recent credit reports, Plaintiff discovered that Experian, Equifax, and TransUnion are still reporting the Midland tradeline with a balance.

27.     The information being reported by Midland, Experian, Equifax, and TransUnion is false.

## COUNT I—UNREASONABLE REINVESTIGATION—EXPERIAN

28.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

4

29.     Experian received Plaintiff's dispute and supporting documentation at 4:08 p.m. on December 15, 2017.

30.     To date, Experian continues to report the tradeline on the Account, as recently as January 22, 2019.

31.     The tradeline lists numerous inaccuracies including a balance of $1,361, status as a "collection account," and several notations of delinquency.

32.     In fact, the tradeline should not be listed as all as the debt is not owed.

33.     Despite the foregoing, Experian has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

34.     Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

35.     The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

36.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

37.     Plaintiff disputed the inaccurate information with Experian via regular U.S. mail and certified mail.

38.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Experian notified Midland of Plaintiff's dispute and the nature of the dispute.

39.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Midland received notification from Experian of Plaintiff's dispute and the nature of the dispute.

40.     Upon information and belief, Experian updated the reporting of the inquiry at issue solely based upon the information it received from Midland in response to Plaintiff's dispute.

41.     Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

42.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

    A.     Adverse credit action;

    B.     Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    C.     Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    D.     Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    E.     Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

43.     At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

44.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

45.     Experian willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

46.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

47.     Experian willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

48.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

49.     Experian willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

50.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

51.     Experian willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

52.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

53.     Experian willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

54.     The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory

and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

    B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

    C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

    D.    Such other or further relief as the Court deems proper.

## COUNT II—UNREASONABLE REINVESTIGATION—EQUIFAX

55.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

56.    Equifax received Plaintiff's Plaintiff's dispute at 5:57 p.m. on December 15, 2017.

57.    To date, Equifax continues to report the tradeline on the Account, as recently as January 30, 2019.

58.    The tradeline lists numerous inaccuracies including a balance of $1,361, status as a "collection account," and several notations of delinquency.

59.    In fact, the tradeline should not be listed as all as the debt is not owed.

60.    Despite the foregoing, Equifax has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

61.    Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

62.    The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

63.    The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

64.    Plaintiff disputed the inaccurate information with Equifax via regular U.S. mail and certified mail, and by following Equifax's established procedure for disputing consumer credit information.

65.    Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Midland of Plaintiff's dispute and the nature of the dispute.

66.    Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Midland received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

67.    Upon information and belief, Equifax updated the reporting of the inquiry at issue solely based upon the information it received from Midland in response to Plaintiff's dispute.

68.    Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

69.    Plaintiff has been damaged, and continues to be damaged, in the following ways:

   A.    Adverse credit action;

B.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

C.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

D.  Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

E.  Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

70.  At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

71.  15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

72.  Equifax willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

73.  15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

11

74.     Equifax willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

75.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

76.     Equifax willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

77.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

78.     Equifax willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

79.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible**

**accuracy of the information concerning the individual about whom the report relates.**

80.     Equifax willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

81.     The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.     Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B.     Statutory damages pursuant to 15 U.S.C.A. §1681n;

C.     Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D.     Such other or further relief as the Court deems proper.

## COUNT III—UNREASONABLE REINVESTIGATION—TRANSUNION

82.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

83.     TransUnion received Plaintiff's dispute and supporting documentation at 11:04 a.m. on December 16, 2017.

84.     To date, TransUnion continues to report the tradeline on the Account, as recently as January 24, 2019.

85.     The tradeline lists numerous inaccuracies including a balance of $1,361, a status as a "collection account," and several notations of delinquency.

86.     In fact, the tradeline should not be listed as all as the debt is not owed.

87.     Despite the foregoing, TransUnion has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

88.     TransUnion has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

89.     The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

90.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

91.     Plaintiff disputed the inaccurate information with TransUnion via regular U.S. mail and certified mail, and by following TransUnion's established procedure for disputing consumer credit information.

92.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, TransUnion notified Midland of Plaintiff's dispute and the nature of the dispute.

93.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, Midland received notification from TransUnion of Plaintiff's dispute and the nature of the dispute.

94.     Upon information and belief, TransUnion updated the reporting of the inquiry at issue solely based upon the information it received from Midland in response to Plaintiff's dispute.

95.     Despite Plaintiff's efforts to date, TransUnion has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

96.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

A.     Adverse credit action;

B.     Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

C.     Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

D.     Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

E.     Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

97.     At all times pertinent hereto, the conduct of TransUnion, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

98.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly**

**through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

99.     TransUnion willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

100.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

101.     TransUnion willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

102.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

103.     TransUnion willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

104.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

105. TransUnion willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

106. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

> **Accuracy of report**
>
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

107. TransUnion willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

108. The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

       A.     Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

       B.     Statutory damages pursuant to 15 U.S.C.A. §1681n;

    C.        Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

    D.        Such other or further relief as the Court deems proper.

### <u>COUNT IV—FURNISHER LIABILITY—MIDLAND</u>

109.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

110.   Upon information and belief, Midland received from Experian, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

111.   Midland then and there owed Plaintiff a duty to assist Experian in a re-investigation into the disputed information being reported about Plaintiff by Midland.

112.   Midland received notification from Equifax that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

113.   Upon information and belief, Midland received from Equifax, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

114.   Midland then and there owed Plaintiff a duty to assist Equifax in a re-investigation into the disputed information being reported about Plaintiff by Midland.

115.   Midland received notification from Experian that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

116.   Midland received notification from TransUnion that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

117.   Upon information and belief, Midland received from TransUnion, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

118.   Midland then and there owed Plaintiff a duty to assist TransUnion in a re-investigation into the disputed information being reported about Plaintiff by Midland.

119.   15 U.S.C. § 1681s-2(b) of the FCRA provides as follows:

**Duties of furnishers of information upon notice of dispute**

**After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—**

> **(A) conduct an investigation with respect to the disputed information;**

120.    Midland willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Equifax, TransUnion and Experian, in violation of 15 U.S.C. § 1681s-2(b)(A).

121.    After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;**

122.    Midland willfully and negligently failed to review all relevant information concerning Plaintiff's account provided by Equifax, TransUnion and Experian, in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

123.    After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (C) report the results of the investigation to the consumer reporting agency;**

124.    Midland willfully and negligently failed to report the inaccurate status of the inaccurate information to Equifax, TransUnion and Experian, in violation of 15 U.S.C. § 1681s-2(b)(1)(C).

125.    After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis;**

126.   Midland willfully and negligently failed to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff, in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

127.   After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—**
>
> > **(i) modify that item of information;**
> > **(ii) delete that item of information; or**
> > **(iii) permanently block the reporting of that item of information.**

128.   Midland willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

129.   Midland willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

130.   The conduct of Midland was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Midland is liable to Plaintiff for the full amount of statutory and actual

damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B. Statutory damages pursuant to 15 U.S.C.A. §1681n;

C. Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com